UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Lisa M. Zeler,

        Plaintiff,

  v.

Commissioner of Social Security,[1]

        Defendant.

**Decision and Order**

17-CV-99 HBS
(Consent)

## I.  INTRODUCTION

The parties have consented to this Court's jurisdiction under 28 U.S.C. § 636(c). The Court has reviewed the Certified Administrative Record in this case (Dkt. No. 8, pages hereafter cited in brackets), and familiarity is presumed. This case comes before the Court on cross-motions for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. (Dkt. Nos. 14, 18.) In short, plaintiff is challenging the final decision of the Commissioner of Social Security (the "Commissioner") that she was not entitled to Supplemental Security Income under Title XVI of the Social Security Act. The Court has deemed the motions submitted on papers under Rule 78(b).

## II.  DISCUSSION

"The scope of review of a disability determination . . . involves two levels of inquiry. We must first decide whether HHS applied the correct legal principles in making the determination. We must then decide whether the determination is supported by substantial evidence." *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987) (internal quotation marks and citations omitted). When a district court reviews a denial of benefits, the Commissioner's findings as to any fact, if supported by substantial evidence, shall be conclusive. 42 U.S.C. § 405(g). Substantial evidence is defined as

---

[1] The Clerk of the Court is directed to conform the caption of the case to the caption of this decision.

"'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Tejada v. Apfel*, 167 F.3d 770, 773-74 (2d Cir. 1999).

The substantial evidence standard applies to both findings on basic evidentiary facts, and to inferences and conclusions drawn from the facts. *Stupakevich v. Chater*, 907 F. Supp. 632, 637 (E.D.N.Y. 1995); *Smith v. Shalala*, 856 F. Supp. 118, 121 (E.D.N.Y. 1994). When reviewing a Commissioner's decision, the court must determine whether "the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached" by the Commissioner. *Winkelsas v. Apfel*, No. 99-CV-0098H, 2000 WL 575513, at *2 (W.D.N.Y. Feb. 14, 2000). In assessing the substantiality of evidence, the Court must consider evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Briggs v. Callahan*, 139 F.3d 606, 608 (8th Cir. 1998). The Court may not reverse the Commissioner merely because substantial evidence would have supported the opposite conclusion. *Id.*

For purposes of Social Security benefits, a person is disabled when unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A).

Such a disability will be found to exist only if an individual's "physical or mental impairment or impairments are of such severity that [he or she] is not only unable to do [his or her] previous work but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ." 42 U.S.C. §§ 423(d)(2)(A) & 1382c(a)(3)(B).

2

Plaintiff bears the initial burden of showing that her impairments prevent her from returning to her previous type of employment. *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982). Once this burden has been met, "the burden shifts to the [Commissioner] to prove the existence of alternative substantial gainful work which exists in the national economy and which the plaintiff could perform." *Id.*; *see also Dumas v. Schweiker*, 712 F.2d 1545, 1551 (2d Cir. 1983); *Parker v. Harris*, 626 F.2d 225, 231 (2d Cir. 1980).

To determine whether any plaintiff is suffering from a disability, the Administrative Law Judge ("ALJ") must employ a five-step inquiry:

(1) whether the plaintiff is currently working;

(2) whether the plaintiff suffers from a severe impairment;

(3) whether the impairment is listed in Appendix 1 of the relevant regulations;

(4) whether the impairment prevents the plaintiff from continuing her past relevant work; and

(5) whether the impairment prevents the plaintiff from continuing her past relevant work; and whether the impairment prevents the plaintiff from doing any kind of work.

20 C.F.R. §§ 404.1520 & 416.920; *Berry, supra*, 675 F.2d at 467. If a plaintiff is found to be either disabled or not disabled at any step in this sequential inquiry, the ALJ's review ends. 20 C.F.R. §§ 404.1520(a) & 416.920(a); *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). However, the ALJ has an affirmative duty to develop the record. *Gold v. Secretary*, 463 F.2d 38, 43 (2d Cir. 1972).

To determine whether an admitted impairment prevents a plaintiff from performing her past work, the ALJ is required to review the plaintiff's residual functional capacity and the physical and mental demands of the work that he has done in the past. 20 C.F.R. §§ 404.1520(e) & 416.920(e).

3

The ALJ must then determine the individual's ability to return to her past relevant work given her residual functional capacity. *Washington v. Shalala*, 37 F.3d 1437, 1442 (10th Cir. 1994).

Here, plaintiff challenges the ALJ's citation to findings from a state workers' compensation examiner. According to plaintiff, the ALJ "repeatedly assumes that because Dr. Salcedo opined that Ms. Zeler had a 'marked-75 %' or 'moderate to marked 66.7%' temporary impairment throughout the relevant period, that this meant that Dr. Salcedo did not believe that Ms. Zeler was disabled under the Social Security Act." (Dkt. No. 14-1 at 11.) Plaintiff argues further that "due to the different tests used by Social Security and Worker's Compensation, it was erroneous for the ALJ to assume that Dr. Salcedo's assessment of a moderate to marked partial disability was inconsistent with a finding of disability and undercut Ms. Zeler's claim for disability. Nor was the error harmless because as noted above, the ALJ's error poisoned both his credibility finding, and the evaluation and assessment of the opinion evidence when fashioning Ms. Zeler's RFC [residual functional capacity]." (*Id.* at 12.) The Commissioner concedes that "the rules for a finding of disability under the New York State Workers' Compensation program are different than those applied in Social Security cases, and, as such, findings of disability made by other governmental agencies have no bearing on similar determinations under the Act." (Dkt. No. 18-1 at 11 (citing 20 C.F.R. § 416.904).) Nonetheless, the Commissioner argues that "the ALJ simply cited to these relevant statements as part of his assessment of the record as a whole." (*Id.*) The Commissioner has the better argument here. The ALJ acknowledged state agency opinions of temporary impairment without stating that those opinions had any controlling weight. [32, 33.] The ALJ made the acknowledgments of the opinions within the context of factual findings that the state agency made. Apart from any opinions about matters reserved to the Commissioner, the state agency evaluator made objective clinical observations about plaintiff's gait, range of motion, pain management, and

4

activities of daily living. [249, 250.] "In this connection, it is important to distinguish between those portions of the physicians' reports that represent the physician' medical findings and those portions of the reports that represent conclusions as to the claimant's disability for purposes of worker's compensation." *Coria v. Heckler*, 750 F.2d 245, 247 (3d Cir. 1984); *see also Winston v. Heckler*, 585 F. Supp. 362, 367 (D.N.J. 1984) ("I do not believe, however, that such reports may be totally ignored because they contain conclusory language suggestive of workers' compensation. The reports also contain test results, medical diagnoses, and conclusions that are not, or should not be, related to any particular statutory standard."). Additionally, the ALJ explicitly relied on other clinical evaluations that found moderate restrictions in range of motion that are consistent with sedentary work. [33, 357–58.] *See* 20 C.F.R. § 416.967(a); *King v. Astrue*, No. 12-CV-6186T, 2013 WL 3154129, at *6 (W.D.N.Y. June 21, 2013) (finding of sedentary work consistent with clinical records that included moderate to severe limitations and the use of a cane). The Court thus sees no basis for remand on this point.

Plaintiff next argues that the ALJ did not take her need for a cane sufficiently into account when determining her RFC. Plaintiff cites the clinical findings of the state agency evaluator that her cane was medically necessary.[2] "At no point does the record ever call into question Ms. Zeler's need for a cane. Nor did the ALJ call into question Ms. Zeler's need for a cane. Yet, without explanation, the ALJ failed to accommodate Ms. Zeler's need for a cane in his RFC assessment." (Dkt. No. 14-1 at 15.) The Commissioner, however, correctly has pointed to parts of the record suggesting that plaintiff did not necessarily need a cane at all times. [*E.g.*, 273 ("No assistive device is used within examination room but arrives with 1 cane support. Upright posture is fair. No

---

[2] Incidentally, plaintiff's reliance here on the same state agency evaluator against whom she argued for her other point (*supra*) supports the principle from *Coria* that state agency observations and opinions can be treated separately.

assistance required from sitting to standing and vice versa."); 352 (plaintiff reports using a cane "all the time" but "can walk on her heels and toes with and without the cane").] In addition, the Commissioner correctly has pointed out that the finding of sedentary work is consistent with the use of a cane for walking that is a minor part of job duties. *See* 20 C.F.R. § 416.967(a) ("Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met."); *cf. Cortes v. Chater*, No. CV 95-5392 (RJD), 1997 WL 36979, at *4 (E.D.N.Y. Jan. 17, 1997) ("Plaintiff is capable of at least occasional standing and walking, albeit sometimes with the assistance of a cane. Plaintiff testified she was 'not sure' how much weight she could lift or carry, but no medical or other evidence suggests she could not lift light objects."). Under these circumstances, plaintiff's arguments about her use of a cane do not warrant remand.

### III. CONCLUSION

The Commissioner's final determination was supported by substantial evidence. For the above reasons and for the reasons stated in the Commissioner's briefing, the Court grants the Commissioner's motion (Dkt. No. 18) and denies plaintiff's cross-motion (Dkt. No. 14).

The Clerk of the Court is directed to close the case.

SO ORDERED.

　　　　　　　　　　　　　　　　　__/s Hugh B. Scott_____
　　　　　　　　　　　　　　　　　Hon. Hugh B. Scott
　　　　　　　　　　　　　　　　　United States Magistrate Judge

DATED: January 16, 2019